ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCINE BERGMOSER, *et al.*, | ) | |
| | ) | CASE NO. 1:05CV2882 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| SMART DOCUMENT SOLUTIONS, LLC, | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Docs. 16, 20] |
| Defendants. | ) | |
| | ) | |

## I.  Introduction

This matter is before the Court on two motions filed by the parties to this action.

Defendant Smart Document Solutions, LLC filed the first motion.  In its motion, Defendant

seeks to have the Court dismiss Plaintiffs' state law claims under Federal Rule 12(b)(6) for

failure to state a claim upon which relief can be granted (Doc. 16).  Plaintiffs, Francine

Bergmoser, Terry King, Linda Heidl, Donna Dalterro, and the law firm of Calhoun, Kademenos,

Heichel & Childress Co., LPA. (collectively "Plaintiffs") filed the second motion.  In their

motion, Plaintiffs seek leave to file a Third Amended Complaint that adds essentially two new

causes of action and a request for punitive damages (Doc. 20).  For the reasons set forth herein,

Defendant's motion is GRANTED and Plaintiffs' motion is DENIED.

## II.  Facts & Procedure

Defendant is a medical records processing company that provides copies of medical

records.  Plaintiffs, through their attorneys, purchased copies of their medical records from

Defendant for the purposes of litigation.  According to Plaintiffs, Defendant wrongfully charged

them sales tax and excessive amounts for postage when they ordered copies of their medical

records from Defendant.  Plaintiffs, who initially filed their putative class action Complaint in

the Erie County Court of Common Pleas, allege that Defendant violated Ohio's Consumer Sales

Practices Act ("CSPA"), that it violated Ohio Revised Code § 3701.741 (hereinafter "the

Medical Records Statute"), and that it committed fraud in how it charged and billed Plaintiffs for

the copies.[1]  Defendant filed its Motion to Dismiss and Plaintiffs subsequently filed their Motion

to Amend.  Both matters have been briefed and are ripe for review.

### III.  Applicable Legal Standards

There are two standards the Court must apply when considering the parties' motions.  For

Defendant's Motion to Dismiss, the Court must operate under the purview of Federal Rule

12(b)(6).  For Plaintiffs' Motion to Amend, the Court must consider Federal Rule 15(a).  The

standards are as follows:

**A.**      **Federal Rule of Civil Procedure 12(b)(6)**

In analyzing a claim under Rule 12(b)(6), the Court "must construe the complaint in a

light most favorable to the plaintiff, accept all of the factual allegations as true, and determine

whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would

entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir.

1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1239-40 (6th Cir. 1993)).  If an allegation is

capable of more than one inference, the Court must construe it in the plaintiff's favor.  *Id.*  The

Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's

---

[1] Plaintiffs' Complaint was amended once prior to removal and once after Defendant removed the
matter to this Court.

factual allegations.  *Id.*  Although this is a liberal standard of review, a plaintiff still must do more

than merely assert bare legal conclusions.  *Id.*  To survive a Rule 12(b)(6) motion to dismiss, the

plaintiff's complaint must allege either "direct or inferential" allegations regarding all of the

material elements necessary to sustain recovery under "some" viable legal theory.  *Id.*

**B.**     **Federal Rule of Civil Procedure 15(a)**

Rule 15(a) provides that a party may amend their pleadings only by leave of court, or

written consent of the adverse party, once a responsive pleading has been served.  Fed. R. Civ. P.

15(a).  It also provides that "leave of court shall be freely given when justice so requires . . . ."

*Id.*  Nevertheless, when deciding whether to allow an amended complaint, the district court is

bound to consider several factors.  Namely, it must consider whether there has been undue delay,

lack of notice to the party opposing the amendment, repeated failure to cure deficiencies by

previous amendments, undue prejudice to the opposing party, and futility of amendment.  *Wade*

*v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).  Lack of notice and substantial

prejudice, however, are the critical factors.  *Id.* at 458-59.  The district court's denial of a party's

motion to amend is reviewed under an abuse of discretion standard, unless the decision is based

on a legal conclusion that the amendment would be futile.  *Id.* at 459.

**IV.  Smart's Motion to Dismiss**

Having reviewed the parties' pleadings;  motions, objections, and replies thereto;

attached exhibits; and applicable law, the Court finds Defendant's motion well-taken and

dismisses all of Plaintiffs' claims.  The Court agrees with Defendant that Plaintiffs have failed to

state a claim under Federal Rule 12(b)(6).  Specifically, the Court finds that (1) Plaintiffs have

not stated a valid claim for fraud regarding Defendant's assessment of the actual cost of postage

3

and the applicable tax, (2) Plaintiffs have not stated a valid claim for relief under Ohio Revised Code § 3701.741, and (3) Plaintiffs have not stated a valid claim for relief under the CSPA regarding Defendant's inclusion of tax and postage charges.

To explain, the Ohio Administrative Code clearly sets forth the procedure by which a consumer can seek a refund of sales tax.  Ohio Admin. Code § 5703-9-07(B).  The consumer may either (1) file an application directly with the tax commissioner, or (2) request a refund from the vendor.  *Id.* at 5703-9-07(B)(1).  Because a consumer can "request a refund from the vendor," however, does not mean that the consumer can file a private action to collect the refund.  In fact, the code expressly states that "[i]f a vendor or seller denies a consumer's refund request, the consumer may file an application for refund *with the tax commissioner. . . .* That is the consumer's *sole remedy* to collect a refund of the tax."  *Id.* at 5703-9-07(B)(2) (emphasis added).

Plaintiffs would like the Court to allow their claims to remain solely because the code allows a consumer to "request a refund from the vendor."  However, Plaintiffs choose to overlook the very next paragraph that would require them to file an application with the tax commissioner if the vendor denied their request.  Notwithstanding that Plaintiffs did not request a refund from Defendant, their claims to seek a refund through private litigation are seemingly prohibited by the very section of the code to which they cite.  And, as Defendant aptly notes, the reason for the State of Ohio's requirement that a consumer file an application with the tax commissioner is sound because "it is ultimately the state's treasury that will be affected if [Plaintiffs'] suit for monetary damages is successful."  *See generally Parker v. Giant Eagle, Inc.*

4

at ¶ 29, 2002 WL 31168571 (Ohio App. 2002).[2]

With respect to Defendant's allegedly unlawful conduct under the Medical Records Statute, the Court finds these claims unfounded.  The Court agrees with Defendant and finds that Plaintiffs' reading of the statute is nonsensical.  Despite Plaintiffs' argument to the contrary, the statute permits a medical records company to contract with an authorized person (in this case, Plaintiffs' counsel) for rates other than those set forth in Ohio Revised Code § 3701.741(B)(2).  In this case, the authorized person was Plaintiffs' counsel who made the records requests.  As such, Defendant was authorized to contract at different rates pursuant to Ohio Revised Code § 3701.741(E) and was not bound by the charges listed in § 3701.741(B)(2).

Plaintiffs' CSPA claim is equally unfounded.  For the reasons stated above, the Court does not find that Plaintiffs have stated a valid claim for relief regarding Defendant's inclusion of tax and postage charges.  Again, if Defendant wrongfully assessed and collected sales tax, Plaintiffs' proper remedy is to file an application with the tax commissioner.  Likewise, having found that Defendant was permitted to charged an amount above the actual cost of postage, Plaintiffs do not have a valid CSPA claim on this fact alone.  For these reasons and for the additional reasons stated in Defendant's well-reasoned motion and reply memorandum, Defendant's Motion to Dismiss is granted.

---

[2] The Court recognizes that *Parker* relies on a section of the Ohio Revised Code (§ 5739.07) that has been amended to allow a consumer to file for a refund with the tax commissioner.  Accordingly, *Parker* is inapplicable to the extent it holds that a consumer must file a claim against the state in the Court of Claims.  The rationale in *Parker*, however (that a consumer does not have a direct action against a vendor who over-collected or wrongfully collected taxes) is sound.  As the *Parker* court notes, if a vendor collects an excessive sales tax, it has a duty to remit it to the state.  *Id.* at ¶ 29.  Accordingly, if a vendor remitted the excessive tax, only the state could ultimately be required to refund it and if the vendor did not remit the excessive tax, the state has a right to those funds regardless.  *Id.*  In sum, although *Parker* is premised on an older version of the Ohio Revised Code, the logic underlying the Court's decision still makes sense when read in conjunction with the current version of the statute.

### V.  Plaintiffs' Motion for Leave

Plaintiffs' motion for leave is denied.  Having considered the above-mentioned factors, the Court finds that denial of this motion is appropriate.  First and foremost, Plaintiffs' proposed amendment is futile.  The Court agrees with Defendant, for the reasons stated in its Opposition, that Ohio Revised Code § 4165.02(A) is inapplicable based on the facts of this case and that Plaintiffs' proposed unjust enrichment claim is equally without merit.  Furthermore, even if these claims were not futile, Plaintiffs fail to articulate why the additional claims were not raised earlier in one of the two previous amended complaints.  *See generally Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (discussing the factors that a district court must consider under Rule 15(a)).  In addition, the Court finds that Defendant would suffer prejudice because the Court has found its Motion to Dismiss well-taken and granted same.  *Hill v. Banks*, No. 02-5863, 2003 WL 23156641 at *1 (6th Cir. Dec. 18, 2003) (noting that a determination of the potential prejudice to the non-moving party is required in deciding whether to allow an amendment).  Plaintiffs' motion, therefore, is denied.

### VI.  Conclusion

For the reasons stated herein, Defendant's Motion to Dismiss is hereby GRANTED and Plaintiffs' Motion for Leave to Amend is DENIED.


IT IS SO ORDERED.

____February 22, 2007_____                    ___*s/John R. Adams*_____
Date                                               John R. Adams
                                                   U.S. District Judge

6